**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES L. THOMPSON, | No. 09-17274 |
| Plaintiff - Appellant, | D.C. No. 1:04-cv-06755-LJO-SMS |
| v. | |
| F. REYNOSO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted August 10, 2010[**]

Before: HAWKINS, McKEOWN, and IKUTA, Circuit Judges.

James L. Thompson, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to

exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C.

§ 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's dismissal for failure to exhaust, and its factual determinations for clear error, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

The district court's finding that Thompson refused to be interviewed was not clearly erroneous. Even if a petitioner is entitled to be excused from the exhaustion requirement where the prison officials prevent the petitioner from pursuing administrative remedies, *see Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010), the district court's finding that prison officials did not obstruct Thompson in this manner was not clearly erroneous, *see Wyatt*, 315 F.3d at 1119-20 ("In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."). Accordingly, the district court properly dismissed the action because Thompson failed to exhaust administrative remedies prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (holding that "proper exhaustion" under § 1997e(a) is mandatory and requires adherence to administrative procedural rules); *see also* Cal. Code Regs. tit. 15, § 3084.4(d) (2010) ("An appellant's refusal to be interviewed or cooperate with the reviewer shall result in cancellation of the appeal.").

We do not consider arguments raised for the first time on appeal or in the reply brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**